JOYCE EVANS, Plaintiff-Appellee, *v.* STEPHEN W. JORDAN, Defendant-Appellant.

Third District    No. 81-532

Opinion filed March 30, 1982.

Jack C. Vieley, of Peoria, for appellant.

James Janovetz, of Peoria, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

On September 29, 1970, Joyce Evans, an unmarried but pregnant woman, filed a paternity complaint against Stephen W. Jordan pursuant to the Paternity Act (Ill. Rev. Stat. 1969, ch. 106 3/4, par. 51 *et seq.*). Defendant's arrest was sought, and he was, in fact, arrested on October 7, 1970, and subsequently released on a $500 personal recognizance. Later, on December 10, 1970, a baby daughter, Kilo Marie Evans, was born to Joyce Evans.

Nothing substantial transpired in the case until April 27, 1976, when the trial court dismissed the proceedings for want of prosecution. No appeal was taken and the suit was not refiled within one year as authorized by section 24 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 24a).

The applicable statute of limitations provides in part:

"* * * [if] the action is dismissed for want of prosecution then, * * * the plaintiff * * * may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or after the plaintiff is nonsuited or the action is dismissed for want of prosecution." Ill. Rev. Stat. 1975, ch. 83, par. 24a.

Then, on May 12, 1980, which is more than four years after dismissal of the first paternity suit for want of prosecution, plaintiff refiled the same paternity suit. It was founded on the same facts and cause of action as the

previous suit. Jordan filed a motion to dismiss pursuant to section 48 of the Civil Practice Act which was denied by the trial court. He appeals.

The applicable Paternity Act provides that:

"No such [paternity] action may be brought after the expiration of 2 years from the birth of the child. However, where the person accused has acknowledged the paternity of the child by a written statement made under oath or affirmation or has acknowledged the paternity of such child in open court, prosecution may be brought at any time within 2 years from the last time such acknowledgment was made or within 2 years from the last time the person accused contributed to the support, maintenance, education and welfare of the child subsequent to such acknowledgment." Ill. Rev. Stat. 1969, ch. 106 3/4, par. 54.

We believe it clear from these statutory provisions that Jordan's motion for dismissal should have been granted. The statute of limitations on paternity actions expires two years after the birth of the child. An extension of time is provided where an acknowledgment of paternity is made in open court or under oath. The statute is further extended for two years from the last time the person accused contributed to the support of the child where the support is subsequent to such formal acknowledgment.

The verified complaint in the second paternity suit attempts to avoid the strict language of the statute of limitations in order to secure an extension of time. The complaint does not set up either an acknowledgment under oath or an in-court admission by defendant. It asserts, rather, that defendant made contributions to the support of the child within two years of the bringing of the second suit. It further asserts that these contributions followed a course of conduct by the defendant and acknowledgments to third parties which *estop* the defendant from raising a limitations defense. We disagree.

If estoppel were to be given credence in this situation so as to obviate the requirements of the statute, the statute itself would be totally undone. This would be improper. The statute as it stands is liberally drafted to extend the time within which the mother may bring an action against a putative father. She may bring the action within two years of the birth, within two years of the formal acknowledgment, or within two years of the cessation of support payments which are linked with the prior formal acknowledgment. To further engraft on this liberal extension of the statute of limitations an estoppel theory of extension would not only deny the clear meaning and intention of the statute, but would defeat the public interest in having some certainty and finality to litigation. It would further deny the defendant and putative father's right to equal protection of the law and procedural due process.

Plaintiff claims that her rights and the rights of the minor child are not being protected and served. This is a hollow claim. All litigants, whether plaintiff or defendant, are entitled to due process of law. Any litigant, however, may forfeit his right to a legal resolution of a dispute by inactivity and inattention and by failure to comply with the requirements of the law. That is precisely the course of action followed by the plaintiff in this case.

This is a stale claim. Since plaintiff did not refile her paternity suit within the one-year time provision, the rules of our supreme court provide that the dismissal order in the first suit operates as an adjudication on the merits. (58 Ill. 2d R. 273.) When suit was not refiled within one year of its dismissal for want of prosecution at a time when the original two-year statute of limitations had run, the cause of action was procedurally finished.

For the reasons stated, we reverse the order of the Peoria County circuit court. We further dismiss said cause with prejudice.

Reversed and dismissed.

SCOTT and STOUDER, JJ., concur.